Willis B. Carman, Jr., Esq. Informal Opinion Attorney, South Farmingdale No. 2002-11 Water District Carman, Callahan Ingham, LLP 280 Main Street Farmingdale, New York 11735
Dear Mr. Carman:
You have asked whether the same person may simultaneously hold the elected offices of Water Commissioner of the South Farmingdale Water District ("WD") and Fire Commissioner of the South Farmingdale Fire District ("FD"). You have advised that there is an ongoing contract between the districts under which the W.D. installs and maintains fire hydrants for the FD. The W.D. also sells metered water to the FD, and provides free testing of backflow prevention devices for the FD (although a fee may be imposed in the future). You have described the foregoing contract, sale of water, and testing as insignificant, comprising a negligible part of the WD's over-all, multi-million dollar operation.
We conclude that one person may simultaneously hold both offices, but must recuse himself or herself from participating in any matters relating to the aforementioned contract, sale of water, and testing. In the event there are more frequent conflicts, recusal would not be an appropriate remedy, inasmuch as frequent recusals would interfere with such person's ability to substantially perform his or her official duties. Under those circumstances, one person should not hold both positions.
Discussion
Generally, one person may hold two offices simultaneously unless a constitutional or statutory prohibition bars concurrent holding of the positions, or unless the offices are incompatible. See O'Malley v.Macejka, 44 N.Y.2d 530 (1978). In this case, there appears to be no constitutional or statutory prohibition against concurrent holding of the offices in question.[1] Accordingly, the key issue is whether the offices are incompatible.
In the seminal case, People ex rel. Ryan v. Green, 58 N.Y. 295 (1874), the Court of Appeals held that two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the two offices. Accord O'Malley, 44 N.Y.2d at 535 (same). In Informal Opinion No. 91-53, we concluded that the positions of superintendent of a town water district and fire district commissioner are incompatible where the fire district enters into a contract with a town for rental of fire hydrants, and the town water district superintendent was responsible for approving the contract specifications. See Op. Atty. Gen. (Inf.) No. 91-53. Critical to that finding was the fact that the superintendent didnot have the option of recusing himself from approving the contract specifications. See id.
Clearly the duties of the two commissioner positions in this case are incompatible with respect to the contract for fire hydrant installation and maintenance, and the sale of metered water, because one commissioner, as a member of the board of commissioners, has responsibility for approval of future contracts and amendments on behalf of the fire district and the other commissioner exercises this authority for the water district. Also, monitoring of compliance with contract terms and conditions similarly would cause a conflict. Compare Town Law § 176(12) (fire commissioners may "contract for a supply of water" and for fire hydrant installation and maintenance) with Town Law §§198(3)(b), 215(19) (water district commissioners may sell water to fire districts). For the same reason, the establishment of terms and conditions for testing of backflow prevention devices causes a conflict.
Recusal from participation in matters relating to the subject contract, sale of water, and testing appears to be sufficient in this case, inasmuch as you have indicated that these matters do not extensively affect each commissioner's over-all responsibilities. Most of the powers and duties of fire district commissioners, which are set forth in Town Law § 176, concern fire district and board organizational and operational matters, and fire prevention. Similarly, water district commissioners' powers and duties mainly concern internal organizational and operational matters (see id. § 215), and supplying water to district inhabitants (see id. §§ 198(3), 215(12). Moreover, each improvement district is an independent political subdivision, and neither commissioner position is subordinate to the other.
In view of the primary duties of the two commissioner positions, and your advice that the subject contract, sale of water, and testing comprise an insignificant part of the WD's multi-million dollar operation, we conclude that the two positions are compatible. However, if one person holds both positions, such person must recuse himself or herself from participating in the disposition of any of these matters. If conflicts of duties require frequent recusals, one person should not hold both positions.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of views of this office.
Very truly yours,
JAMES D. COLE, Assistant Solicitor General
In Charge of Opinions
By: _______________________________
ANN P. ZYBERT
Assistant Solicitor General
[1] See 2 Op. State Compt. 651 (1946) (no constitutional or statutory prohibition to prevent one person from holding the offices of water commissioner and fire commissioner). We note that section 20(4) of the Town Law, which prohibits one person from holding more than one "elective town office," does not apply because the subject offices are not "town" offices. See 1982 Op. Atty. Gen. (Inf.) 84 ("Commissioners are not town officers."); 1980 Op. Atty. Gen. (Inf.) 101 (position of commissioner of fire district is not a town office within the ambit of Town Law §20(4)).